1  Guy Ruttenberg, Bar No. 207937
2  guy@ruttenbergiplaw.com
   Bassil Madanat, Bar No. 285280
3  bassil@ruttenbergiplaw.com
   Dennis Ma, Bar No. 284761
4  dennis@ruttenbergiplaw.com
5  RUTTENBERG IP LAW,
   A PROFESSIONAL CORPORATION
6  1801 Century Park East, Suite 1920
   Los Angeles, CA 90067
7  Telephone: (310) 627-2270
   Facsimile: (310) 627-2260
8

9  *Attorneys for Plaintiffs Jason Hullinger,*
10  *Benjamin de Bont and Agora Systems LLC*

11              **UNITED STATES DISTRICT COURT**

12         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  JASON HULLINGER, an individual, | Case No. 2:15–cv–07185–SJO–FFM |
| 15 | |
| 16  BENJAMIN DE BONT, an individual, | **JOINT STATUS REPORT PURSUANT TO THE COURT'S FEBRUARY 19, 2016 ORDER (DKT. NO. 104)** |
| 17 | |
| 18  AGORA SYSTEMS LLC, a California limited liability company, | |
| 19 | |
| 20           Plaintiffs, | |
| 21      v. | |
| 22  KUNAL ANAND, an individual, | Magistrate: Hon. Frederick F. Mumm |
| 23 | |
| 24  JULIEN BELLANGER, an individual, | Discovery Cutoff: September 6, 2016 Pretrial Conference: November 28, 2016 Trial Date: December 6, 2016 |
| 25 | |
| 26  PREVOTY, INC., a Delaware corporation, | |
| 27 | |
| 28           Defendants. | |

JOINT STATUS REPORT

Pursuant to the Court's Minute Order of February 19, 2016 (Dkt. No. 104), the undersigned provide the following joint status report regarding the status of Defendants' production of the documents at issue in Plaintiffs' Motion to Compel Production of Documents for Which There Are No Objections filed on February 16, 2016 (Dkt. No. 101).

## I.    STATUS OF DEFENDANTS' DOCUMENT PRODUCTION

### A.    Plaintiffs' Statement

In their portion of the Joint Stipulation, Defendants represented to the Court that production of Defendant's documents would be substantially complete by February 19, 2016.  (Dkt. No. 101 at 160:7-8).  That deadline came and went, and Plaintiffs received no new document productions by February 19, 2016.

Since then, Defendants have produced a trickle of documents in the past week, but the production is far from complete.  The newly produced documents also include extensive redactions for reasons that are not explained, much less logged. (Defendants have not provided any privilege log or redaction log.)  Further, Defendants have still not produced complete metadata or ESI for any of their productions, as sought in the pending motion to compel.  Plaintiffs respectfully request that the Court grant their motion to compel in full.

- Between December 11 and December 21, 2015 (*i.e.*, before this motion), Defendants produced documents bearing bates numbers DEF000001-008233.  As detailed in Plaintiffs' motion, the entire production was replete with problems, and Defendants admitted it was incomplete.
- On February 22, 2016, Plaintiffs received production discs containing corrected production for DEF000001-008233.  These discs contained re-productions of Defendants' earlier productions from December 2015, and did not contain any new documents.  Many of the documents were shuffled from the prior production, creating new problems.  The re-production also fails to cure many of the metadata problems addressed in the briefing.

1

JOINT STATUS REPORT

- On February 25, 2016, Plaintiffs received a production disc containing DEF008234-008987. This production contained 122 documents spanning 753 pages. The documents include copies of Prevoty's by-laws, Prevoty's incorporation documents, and share purchase agreements from Prevoty's initial investment round. The production also includes limited emails from Kunal Anand's GMail account. The production does not appear to include any source code, subsequent investment rounds, or any substantial email production from Defendants' email accounts including any email accounts from prevoty.com.

- The February 25 production is particularly troubling because of the extensive redactions (*e.g.*, DEF008687-92, 8702, 8715, 8798, 8811, 8824, 8837, 8850, 8863, 8869-71) in the documents. Defendants redacted all of the address and contact information for their investors—even though this Court already ordered Defendants to provide that information in response to Interrogatory No. 2 (Dkt. No. 90), which Defendants have not done.[1]

- On Friday night, February 26, 2016, at 7:14 pm, Defendants sent another production containing DEF008988-009704, via ftp. This production contained 180 documents spanning 716 pages. As discussed above, this production also includes extensive redactions, without any apparent justification, much less a log. In some instances, entire pages are redacted in their entirety (e.g., DEF009080 – DEF009098). From a preliminary review, many of the documents in this production appear to be re-productions of documents that were previously produced by third parties in response to subpoenas issued in this case.

---

[1] Defendants failed to provide a complete response to that interrogatory, and Plaintiffs are in the process of filing a motion to enforce the Court's previous order.

JOINT STATUS REPORT

- Yesterday, on February 29, 2016, Plaintiffs received a disc (DEFA000001) containing some Agora Blue (but not Prevoty) source code.
- This afternoon, on March 1, 2016, at 3:25 pm, Defendants produced another 91 documents bearing bates numbers DEF009705-DEF010204.

Plaintiffs are evaluating the new documents trickling in today, but many issues appear to be outstanding. [2]  Excluding Defendants' production of ***Agora's*** source code, Defendants' produced approximately 393 new documents—which means many documents likely remain unproduced.  While some documents from @prevoty.com and @agorasec.com emails have been produced, it is unclear if production is complete.  Indeed, Plaintiffs requested (and Defendants agreed to produce) copies of the emails from the Agorasec.com server (RFP No. 61 to Anand), but Defendants have produced only a handful of those emails.  There has still been no meaningful production of Prevoty source code or technical documents.  Defendants have produced documents relating to their first-round investors, but not the later-round investors.  Despite Defendants' representation that a number of confidential documents were prepared for production pending the Protective Order, very few confidential documents have been actually produced.

Indeed, as of Friday, February 26, 2016, Defendants declined to verify that their production is complete.  Plaintiffs asked Defendants whether their production in response to these RFPs is complete and whether Defendants are withholding

---

[2] Oddly, Defendants complain that they received Plaintiffs' potion of the report late today.  But Plaintiffs are drafting this report while trying to review and assess Defendants' new productions in real time.  Plaintiffs reached out to Defendants last week to try anticipate the status of their production, but Defendants refused to engage.  (Ex. A).  Defendants continued to produce documents until 3:25 pm this afternoon.  It is unclear how Plaintiffs could provide a status report concerning Defendants' production before Defendants produced the documents.

JOINT STATUS REPORT

documents on the basis for any objections.[3]  Defendants provided an evasive response: "Regarding the completeness of Defendants' productions, I believe you will see that we have made and are making further productions and that those productions are and will be consistent with Defendants' responses to requests for production."  (*See* Ex. A hereto).

Defendants' production of metadata and ESI also remains incomplete.  Other than document page break information, Defendants' productions still do not include any of the metadata requested by Plaintiffs and discussed in the pending motion to compel.  Initial review also shows that a number of emails were produced without attachments.  Defendants' load files do not consistently identify whether documents are produced under confidential legends, particularly in the latest production received on February 25, 2016 which contains a mix of confidential and non-confidential documents.  Once again, the productions consist of unsearchable graphics files.  There is no metadata information to identify basic information such as the date of the document, the custodian or the directory it was collected from, and basic header information for emails.  This information is particularly important in this case, where the date of particular documents and what the documents were prepared for (which would come from file path and file name) is critical.

Again, Plaintiffs raised these issues with Defendants on February 25, 2016.  On February 26, Defendants' counsel (Matthew Rips) responded: "Regarding ESI matters, Brian [Ledahl] will be responding you under separate cover."  (*See* Ex. A).  Unfortunately, neither Mr. Ledahl nor any other counsel for Defendants has followed up or otherwise addressed these issues.

---

[3] Plaintiffs' counsel asked Defendants' counsel to "advise whether Defendants' production is now complete (and if not, when we can expect to receive the remaining documents) and whether Defendants are withholding any documents on the basis of any objections."  (Ex. A).

JOINT STATUS REPORT

Before bringing this motion, Plaintiffs conferred extensively to try and avoid it. Plaintiffs omitted these requests from previous motions precisely because Defendants promised to produce the requested documents and promised to correct the ESI problems. When Defendants failed to do so, Plaintiffs requested yet another meet-and-confer (Dkt. No. 102-19), which was held on January 14, 2016, where Defendants *acknowledged* these problems and promised to provide a date for fixing them. (Dkt. No. 102 ¶ 24). But they never followed through on those promises. Plaintiffs wrote follow-up letters, but those were ignored. In a last-ditch attempt to avoid this motion, Plaintiffs sent yet another email on February 1, 2016, warning Defendants that they would move to compel these responses if Defendants did not commit to a timeline for production. (Dkt. No. 102-27). Defendants again ignored that letter. Plaintiffs had no choice but to move forward with a motion to compel.

Defendants' representation that they proposed a date certain for production is altogether misleading. Plaintiffs served their portion of the joint stipulation on Friday, February 5, 2016. It was not until Thursday, February 11 (*i.e.*, the day before Defendants' portion of the Joint Stipulation was due) that Defendants first offered to stipulate to a production by February 19, 2016. Moreover, Defendants' proposed stipulation did not actually address the metadata issues or any of the issues in the pending motion.[4] And it bears repeating that Defendants did not produce *any* new documents by their second self-imposed deadline of February 19, 2016. In fact, prior to February 25, Defendants produced no new documents since December 21, 2015.[5]

---

[4] Defendants oddly complain about Plaintiffs' metadata production. For two months, Defendants have offered to produce metadata in the form proposed in the motion, but Defendants have ignored those offers. (Dkt. No. 102-25) Plaintiffs are fully prepared to provide the same metadata.

[5] Although some responsive documents have now been produced, Defendants' production *after* the motion to compel was served does not relieve them from sanctions. *Lorillard Tobacco Co. v. Elston Self Srvc. Wholesale Grocs., Inc.* 259 F.R.D. 323, 328 (N.D. Ill. 2009) (awarding sanctions for production of documents

To be clear, the Defendants' delay is ***unrelated*** to the entry of a Protective Order. For the Group 1 requests, Defendants interposes very few objections relating to confidentiality and, in any event, promised to produce documents by December 21, 2015. Other than Agora's own source code, very few of the produced documents that have trickled in over the past week are even marked confidential. For Group 2 requests, Defendants promised to produce so long as Plaintiffs agreed to treat the documents as "confidential" pending entry of a Protective Order—something Plaintiffs repeatedly agreed to do. Further, Plaintiffs provided Defendants with three different versions of an Interim Protective Order that would address any confidentiality issues: after all, the only real disputed issue in the Motion for Protective Order concerned whether there should be an "Attorneys-Eyes Only" category—and Defendants have never identified any documents that should be classified as "Attorneys-Eyes Only." Mostly tellingly, even after entry of the Protective Order, Defendants still failed to produce the requested documents, and the vast majority of documents that they did produce are not even designated "confidential."

In short, Defendants production remains incomplete, and it is unclear whether and what documents are being withheld. Plaintiffs request that the Court grant their motion to compel and order Defendant Anand to produce all responsive documents to Requests for Production Nos. 1-14, 16-18, 20-26, 28-29, 31-33, 38, 56, 61, 65-66, 71-72, 81-82, 84 and 86-91; order Defendant Bellanger to produce all responsive documents to Requests for Production Nos. 5, 8-11, 16-17, 21-22, 70-71, 80-83, and 85-90; and Defendant Prevoty, Inc. to produce all responsive documents to Requests for Production Nos. 20, 28, 29, 31-33, 37, 70-71, 80-83 and 85-86.[6]

---

only after filing of the motion to compel, noting "[t]his is exactly the type of behavior contemplated by Rule 37's fee-shifting provision.").

[6] There is no truth to Defendants' suggestion that Plaintiffs' somehow "refused to provide their portion of the joint status report until receiving Defendants' portion."

**B.    Defendants' Statement**

On February 19, 2016, the Court ordered the parties to submit a joint status report regarding Defendants' production of documents sought through a motion to compel.  (Dkt. 104.)  Plaintiffs refused to agree to a simple, factual statement about the documents that were produced, and refused to provide their portion of the joint status report until receiving Defendants' portion.  Plaintiffs did not advise Defendants of their position until around 3:20 pm on March 1, 2016, the date the joint report was due.  Having now seen Plaintiffs' portion – emailed by Plaintiffs after 5:00 pm on the date it was due – it is now apparent why it was not circulated previously: Plaintiffs complain about documents and categories not subject to their motion.  The motion was limited to matters about which there were no objections to production.  Those items were produced.  Other matters, such as Prevoty source code, were not at all sought through the referenced document requests or addressed by the moving papers.  As the issues raised above by Plaintiffs do not relate to the document requests that were at issue in the current motion, it is abundantly clear that Plaintiffs have no basis for continuing to pursue this motion.

After Defendants provided a detailed account of how Plaintiffs' portion of the status report mischaracterized both the discovery that was the subject of his motion and Defendant's actual production, Plaintiffs modified their portion – after **_8:30 pm_**.  Their new version, which they never suggested would be provided, included arguments and positions that were not included in the prior version to which Defendants already responded.  Plaintiffs effectively converted a simple joint status report into an ever-evolving diatribe that bore no resemblance to what the Court requested.  Given the late hour that Plaintiffs' portion was provided and their threat to file the report unilaterally without Defendants' portion, Defendants have been unable

Defendants only provided their most recent production moments ago, requiring Plaintiffs to revise their submission.

to address substantively the newly-added arguments at page 6, line 17 to page 7, line 16. Plaintiffs also deleted an argument – which included false characterizations of the requests on which their motion was based – that Defendants had previously spent nearly an hour addressing. In short, Plaintiffs have acted in bad faith by making arguments that were facially false, forcing Defendants to disprove those arguments, then withdrawing the arguments and substituting in new arguments at the last minute. Even as this portion of the report is being prepared, Plaintiffs still will not confirm that their portion will not change once again.

As explained in the joint submission relating to the motion to compel, Plaintiffs' motion was wholly unnecessary. Documents that they claimed had not been produced had, in fact, already been produced a month earlier. Other documents could not be produced until a protective order had been entered, and now that the order has been entered, nearly two thousand additional pages of documents were produced, together with Agora source code files. Finally, the electronic issues that existed with a few documents in the original production were addressed, and new versions were produced. None of these issues warranted a motion to compel.

The three categories of documents referenced in the moving papers have all been addressed and are no longer the subject of any dispute. As Plaintiffs acknowledged, in December 2015, Defendants produced documents Bates stamped from DEF000001 - DEF008233. In the three weeks since issuance of the Order Granting Protective Order (Dkt. 99), Defendants diligently have engaged in the further production of documents Bates stamped from DEF008234 – DEF010204 and DEFA000001. Many of the Bates stamped documents are large computer files, with the files collectively having been produced in native format under a single Bates stamp number – i.e., DEFA000001 – so the actual volume of material is substantially larger than might otherwise be inferred from Bates stamp numbers, alone. Additionally, Defendants have re-produced the December productions (DEF000001 - DEF008233) to cure an acknowledged shortcoming in the reproduction quality of

some of the documents contained therein.  While Plaintiffs complain that Defendants did not produce specific documents, such as those reflecting Defendant Anand's "rationale" for filing a certificate of cancellation for Agora Systems LLC as sought by RFP 25, Defendant Anand agreed in his response to that Request that he would produce all non-privileged documents in his possession, custody or control relating to the cessation of Agora Systems LLC's operations – and he has done precisely that.  Similarly, Defendants agreed to produce agorasec.com emails relating to Agora Systems LLC, and did produce those documents.  Plaintiffs speculate that additional documents exist, but a motion cannot be predicated on mere speculation.  Other documents, such as those relating to initial or subsequent investment rounds for Prevoty, were not even the subject of this motion.  Regarding source code for the "Agora sandbox" (Anand RFP 66), all requested documents were produced.  Plaintiffs attempt to expand the scope of the request by characterizing it above far more broadly than the request itself.

        Regarding the specific Requests for Production at issue in the Motion, Defendants have engaged in a good faith, diligent search for responsive documents within the scopes stated in Defendants' Responses and Amended Responses. Defendants believe that their production of such documents is substantially complete. Further, while not encompassed by the instant motion, Defendants are preparing privilege logs that will be provided to Plaintiffs in due course.  Contrary to Plaintiffs' statement above, Defendants did not reproduce third party productions.  Rather, they produced their own records.  The fact that Plaintiffs served third parties with subpoenas that resulted in copies of those same documents is irrelevant.

        With respect to the issues raised by Plaintiffs in the Motion as to the quality and format of Defendants' production, the technical quality of Defendants' productions now is superior to that utilized by Plaintiffs for their own production. Similarly, Defendants' production of ESI native files and metadata is consistent with the practices utilized by Plaintiffs in making their own production.  Plaintiffs'

production of ESI did not include any metadata.  Plaintiffs cannot complain that Defendants' ESI protocols, which are the same as or better than theirs, are still inadequate.

In short, Defendants did what they said they would do before the motion was filed.  Plaintiffs pursued the motion not to obtain any substantive relief – all relief sought has already been afforded, and had been assured before the motion was filed – but to force Defendants to incur unnecessary expense.  Plaintiffs exacerbated the issue by refusing to provide their portion of this joint status report to Defendants, and refusing to agree to submit a simple, factual, non-argumentative report to the Court. Plaintiffs cannot unilaterally expand the scope of their motion by referencing only in this status report documents that (a) are subject to objection, (b) were never raised in the moving papers, and (c) were never promised.  The documents that were addressed in the motion and that Defendants agreed to produce were, in fact produced.

JOINT STATUS REPORT

DATED: March 1, 2016          By:      */s/ Guy Ruttenberg*

Guy Ruttenberg
RUTTENBERG IP LAW, A
PROFESSIONAL CORPORATION
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
Facsimile: (310) 627-2260
guy@ruttenbergiplaw.com

*Attorney for Plaintiffs*

DATED: March 1, 2016          By:      */s/ Jerrold Abeles*

RUSS, AUGUST & KABAT

MATTHEW A. RIPS
MARC A FENSTER
JEAN Y. RHEE
Attorneys for Defendants
KUNAL ANAND, JULIEN
BELLANGER, and PREVOTY, INC.

ALLAN E. ANDERSON
JERROLD ABELES
DOUGLAS E. HEWLETT
Attorneys for Defendants
KUNAL ANAND and JULIEN
BELLANGER

JOINT STATUS REPORT

## CERTIFICATE OF SERVICE

I certify that I caused to be served Defendants' counsel of record on March 1, 2016 with JOINT STATUS REPORT PURSUANT TO THE COURT'S FEBRUARY 19, 2016 ORDER (DKT. NO. 104) via CM/ECF at the email addresses shown below.

Executed on March 1, 2016 in Los Angeles, California.

By:  _/s/ Guy Ruttenberg_

GUY RUTTENBERG

Allan E. Anderson
allan.anderson@arentfox.com
Jerrold Abeles
jerry.abeles@arentfox.com
Arent Fox LLP
555 West Fifth Street 48th Floor
Los Angeles, CA 90013-1065
213-629-7400
213-629-7401 (fax)

Matthew A. Rips
mrips@raklaw.com
Marc A. Fenster
mafenster@raklaw.com
Jean Y. Rhee
jrhee@raklaw.com
Paul A. Kroger
pkroeger@raklaw.com
Brian D. Ledahl
bledahl@raklaw.com
Russ August and Kabat
12424 Wilshire Boulevard 12th Floor
Los Angeles, CA 90025
310-826-7474
310-826-6991 (fax)